THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CEMENTERIO BUXEDA, INC., Defendant and Appellant.

No. 10283. Argued February 1, 1951.—Decided March 21, 1951.

---

308

*Pablo Defendini* for appellant. *Víctor Gutiérrez Franqui, Attorney General (Vicente Géigel Polanco,* former *Attorney General,* on the brief) and *José Antonio Luiña, Assistant Attorney General,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On March 3, 1949 the People of Puerto Rico filed a suit to condemn various tracts of land located in the Isla Verde area in order to construct a new road to the new international airport. One of these parcels, consisting of 0.4179 cuerda or 1,642.41 sq. meters, belonged to Cementerio Buxeda, Inc. The government deposited the sum of $3,284.82 as its estimate of just compensation for this parcel. The controversy here was limited to the value of the land condemned, since the parties stipulated the value of certain improvements thereon. The defendant claimed the parcel was worth $49,846.50. After a trial on the merits, the Condemnation Court concluded that the tract was worth $4,311.49 and entered judgment therefor, from which the defendant appealed.

The lower court found that in 1945 the defendant bought 18,000 square meters of land for $10,000; that pursuant to permission of the Health Department it constructed and began to operate a cemetery; that it constructed vaults in the rear part thereof, beginning from the middle of the same toward the south; that it had not extended the burial facilities to

the frontal part because it knew the government would probably condemn the same for road purposes; that the tract herein was part of the said 18,000 meters, with a frontage of about 45 meters on Road No. 57 and a depth of a little less than 40 meters.

 The corporation assigns seven errors. The first, second, third and sixth errors refer essentially to the same matter: the refusal of the lower court to permit the defendant to introduce evidence of the prices at which it disposed of sites for graves in its cemetery, and the prices at which other cemeteries in San Juan and at Isla Verde disposed of the same.

In these assignments of error the defendant complains of the refusal of the lower court to permit it to prove the market value of the parcel condemned by testimony as to the price it (and other cemeteries) was receiving for space required for the construction of graves and then applying that price to the number of graves it could construct on the tract, less the expenses of construction and other expenses. Relying on *Laureldale Cemetery Co.* v. *Reading Co.,* 154 Atl. 372 (Pa., 1931), the lower court excluded such testimony on the ground that it was based on speculative considerations.

We agree with the lower court on this point. The defendant was entitled to adduce proof as to the market value of the parcel for cemetery purposes, even though it had not yet been utilized for that purpose. *People* v. *García,* 66 P.R.R. 478, 483, and cases cited; *People* v. *Carmona,* 70 P.R.R. 292. And the lower court permitted this evidence. But under the circumstances such testimony must be confined to what the entire condemned parcel would bring on the market. To permit discussion of the prices which might be charged for grave sites if they had actually been laid out enters the area of speculation and conjecture with which the courts are not concerned when seeking to determine the market value of a tract not yet being utilized for cemetery purposes. *Laureldale Cemetery Co.* v. *Reading, supra; Thorn-*

*ton* v. *City of Birmingham,* 35 S. 2d 545, 547–48 (Ala., 1948) ; *Louisiana Ry. & Nav. Co.* v. *Baton Rouge Brickyard,* 67 So. 922 (La., 1915) ; Annotation, L.R.A. 1917 A 405 Orgel on Valuation under Eminent Domain, pp. 99–100. *Cf. United States* v. *3.544 Acres of Land, etc.,* 147 F. 2d 596 (C. A. 3, 1944).

The remaining errors are directed to the weighing of the evidence by the lower court. We think the record contains sufficient evidence to sustain the judgment.

The judgment of the Court of Eminent Domain will be affirmed.